Mr. Fitzpatrick was convicted after a jury trial of first-degree murder, aggravated assault, and assault with a firearm. After the jury trial was completed in this case, defense counsel filed a motion to arrest judgment on all but the murder charge on the basis that all those charges had been brought after the statute of limitations had passed. The state agreed the charges should never have been brought and agreed to vacate the judgment on all but the murder charge. So Mr. Fitzpatrick was sentenced then only on the murder to 60 years imprisonment. The issue for review in this case is whether trial counsel was ineffective for failing to dismiss the non-murder charges prior to trial. And there's no dispute in this case that trial counsel's performance was deficient. The state agrees that the charges should not have been filed and that it was objectively unreasonable for trial counsel not to move to dismiss those charges prior to trial. The only dispute is whether counsel's actions actually prejudiced Mr. Fitzpatrick. And in this case, counsel's failure to dismiss those time-barred charges did prejudice Mr. Fitzpatrick because it allowed highly prejudicial and irrelevant evidence about Ms. Lindler's injuries, which related only to the aggravated battery, to be presented to the jury. The inclusion of these multiple charges also confused the jury, which is evidenced by the jury's question during deliberations. Now the state claims that there was no prejudice to Mr. Fitzpatrick because the evidence was overwhelming on the murder. But a review of the state's case shows that the evidence on the murder was actually quite weak as it relates to Mr. Fitzpatrick. The jury rejected the state's theory of the case that Mr. Fitzpatrick was the shooter. The jury found that he had not personally discharged a firearm. So they found that wasn't proven beyond reasonable doubt, which means the jury implicitly rejected the testimony of two of the state's main witnesses, Anthony King and Ronald Lee. Anthony King had testified that he was at the scene when Mr. Fitzpatrick shot into the truck. And also Ronald Lee testified that he had seen Mr. Fitzpatrick with a .380 caliber weapon the day before and that he had spoken to Mr. Fitzpatrick after the shooting and Mr. Fitzpatrick confessed to shooting into the truck. It's not surprising that the jury rejected both these witnesses' testimony because there was inherent credibility problems with the state's witnesses. Ronald Lee was testifying in hopes of getting a better deal on his federal drug charges and that was made clear to the jury. Anthony King, who was present during the entire shooting, was testifying in an effort to minimize his own culpability in this case. Further, there was no physical evidence linking Mr. Fitzpatrick to this murder. This case was entirely based on the testimony of these witnesses saying that he was at the scene. And given that the jury rejected their testimony and the inherent credibility problems of both witnesses, it's clear that the case against Mr. Fitzpatrick for murder was very weak. Which is why it's so harmful and prejudicial to Mr. Fitzpatrick that this evidence of Ms. Lindler's injuries was presented. Because defense counsel failed to dismiss the time-barred charges, including the aggravated battery prior to trial, the jury was given graphic medical testimony. First from Dr. Marshall regarding a bowel surgery that he had to perform on Ms. Lindler because of her injuries. Then Ms. Lindler testified extensively as her injuries and she, on the witness stand, lifted up her pant legs and showed her scars to the jury. This is highly prejudicial evidence that was only served to inflame the passions of the jury. And had the charges been properly dismissed prior to trial, this would not have been presented. Now the standard under Strickland for showing prejudice is whether, in light of counsel's deficiency, the defendant received a fair trial. And one that has a verdict that was worthy of confidence. And in this case, it's clear that the verdict here is not worthy of confidence. And that's also shown in the record because of the jury's question. During deliberations, the jury asked how the charges were interrelated. And asked specifically, did they have to find the defendant guilty of all four charges? Now had trial counsel properly gotten the other three charges dismissed, there would have been no confusion on the part of the jury. So I think it's clear the record in this case shows that trial counsel's error in not dismissing the time-barred charges prior to trial denied the defendant a fair trial because while the state's case was weak, this highly prejudicial evidence was injected into the trial. And the record shows the jury was confused by the inclusion of the additional charges. So when you take all those factors together, it's clear that this was not a fair trial. And the verdict on the murder charge is not worthy of confidence because of counsel's failure to act and get these additional charges dismissed. So because counsel's error denied the defendant a fair trial, we're asking this court to vacate the defendant's conviction for murder and remand the case for a new trial on the murder charge alone. Thank you. Thank you, counsel. May it please the court, counsel, the people respectfully disagree with the defendant's opinion that the evidence was closely balanced. In this case, the people do admit that trial counsel was ineffective on the first prong of the Strickland test. He should have raised that issue, but he failed to do so. But the people argue that the defendant has not met the second prong of the Strickland test, which is the defendant must show a reasonable probability that, but for counsel's errors, the result of the murder proceeding would have been different. In other terms, a reasonable probability means a probability sufficient to undermine the confidence in the outcome of the murder verdict. In this case, the people believe that the evidence was overwhelming. First, Stacia Johnson testified that she was the former girlfriend and had a child with the defendant. In 2006, the defendant admitted to her that he was involved in the shooting. She also testified that the defendant said that he was shooting at the intended victim here, the other gang member. He did not seem concerned at all about whether the two women were shot or hurt in the incident. Next, Vicki Davis, she was a neighbor that saw the act of the shooting. The defendant, or who she believed was the gunman, jumped into a gray silver Dodge minivan. That was corroborated by Anthony King's testimony where he said that he had borrowed a gray Dodge caravan and that they all packed into the caravan. It was him, Johnny Sims was driving, Anthony King was in the driver's seat, and Johnny Mirazetz, the defendant, and Mike Johnson, another fellow gang member, were riding around in the gray caravan. They said they were smoking weed when somebody saw Micah Foreman. They stopped the van. Johnson, the defendant, and Mirazetz all jumped out of the van with their handguns and they were pursuing Micah Foreman. They were at the back of the truck where these two women were driving where they went to buy drugs from Micah Foreman. Micah Foreman immediately hit the ground and hid from the three gunmen. He then ran and Mike Johnson followed him down an alley and the defendant and Mirazetz ran up to the truck where the two women were sitting. They both opened the passenger and driver's side doors. The defendant was at the passenger side and Mirazetz was at the driver's side. They both fired into the truck. Anthony King estimated 12 or 13 times. They then ran back and all got in the caravan. The fellow gang member, Ronald Lee, he was testifying in a hope to have his sentence reduced, but he had no deal with the state at that time. He testified that he provided a 9mm gun to Mirazetz and that he had seen the defendant with the .380 pistol and that he always carried this. What's relevant about that is that the gun was found later in Missouri. The people could not link the gun to the defendant. However, the pathologist testified that the victim died from a fatal gunshot wound to the head and she retrieved the .380 bullet from her cranium. The obvious inference here is that it was the defendant with the .380 caliber who shot the fatal blow and killed the defendant here. Anthony King, there was no deal with the state for his testimony. He was a reluctant witness because he was afraid of retaliation. The only thing to impeach King was he had served a four year sentence in a federal prison for drug possession. So considering all of this evidence, we believe that the evidence is overwhelming and that it did not lead to the improper conviction for the murder charge. The defendant would have been convicted of murder even if the other charges had been severed and not brought to trial. The defense counsel argues that Lindler's injuries would not have been admitted at trial if the other charges were dismissed. Well that's not entirely true because Lindler's injuries were used also to show that there were two gunmen and the people used the injuries of Lindler to show the direction and trajectory of the bullets. Granted, the surgeon's testimony probably would have not been admitted but any error was harmless beyond a reasonable doubt because the evidence was not closely balanced here. If you consider all of the evidence in the light most favorable to the people. So we believe that the trial judge properly vacated the other charges and that the jury was not confused when they sent the note out to the trial judge asking do all of these charges have to be found unanimous together or are they separate charges? Would we just be speculating about what these other charges did that didn't scale? I believe it would be speculation to what the jury noticed but you would not be speculating as to the evidence. You can look to the evidence and you can say was this overwhelming evidence that it led to an outcome of the trial that was, well let me rephrase that. The defendant's burden here is to show a reasonable probability that the evidence was sufficient to undermine the confidence in the outcome of the murder case. So that's what's at issue here and you look at all of this evidence and I believe that the only conclusion you can come to is the defendant failed to meet his burden because the evidence was not closely balanced. The irrelevant elements did not undermine the confidence in the murder conviction. The defendant would have been convicted of the murder even if these charges were properly dismissed because the evidence of the murder was so overwhelming and the other evidence was really irrelevant. It did not rise to the level where it would challenge the outcome of the murder verdict. I mean because so much is entangled. It is but if you look at the evidence as a whole I believe that the defendant failed to meet his burden of showing that this irrelevant evidence even though it was improperly admitted was so insignificant that the defendant would have been found guilty of the murder charge anyway. And that's this court's job I guess is to determine whether the defendant has met that burden and we believe that he has not. I have briefed all the other evidence. It would be evidence in more detail in my brief. I believe that if you don't have any questions I'd ask that you just affirm the defendant's murder conviction. Thank you counsel. Thank you your honor. With all respect to counsel for the state I think even in listening to counsel's summary of the evidence it's clear that although the state wants to say it's overwhelming evidence it's not. When you really look at what counsel just recited, Vicki Davis, the one witness he mentioned, didn't ID the defendant, couldn't ID the defendant. The gun was never tied to the defendant. They couldn't tie that gun to the defendant. Starcia Johnson, Mr. Fitzpatrick's ex-girlfriend, testimony was ambiguous at best. She testified, if you look at the record and it's in my brief, that the defendant told her that they were shooting at a different person, not the two women. She testified that she believed they meant the defendant. That's not really how English works. If you mean to include yourself you would say we were shooting. But either way her testimony is at best ambiguous. Ronald Lee, as I said before, was trying to testify to get a deal. He had provided guns to the shooters and was a member of the gang. So really we're left with just Anthony King, the only person at the scene. And originally Anthony King in 2006 stated he wasn't there. Obviously because he didn't want to be found accountable for this murder. Then when it finally becomes clear that he was involved, he's testifying in a way to minimize his involvement. He says he stayed in the car, all these other things. And although there wasn't an explicit deal, he did not receive punishment along with the other co-defendants for his involvement in this murder, which he certainly could have been by accountability. So I think his testimony's speech is at best. And I think that's what the jury's verdict reflects. Because the jury, after hearing the state's case, found that Mr. Fitzpatrick did not personally discharge, it wasn't proven that Mr. Fitzpatrick personally discharged a firearm, which is in direct contradiction of what the state's main witness Anthony King said. And the main point being that for Strickland we have to say, is there a reasonable probability that undermines confidence in the verdict?  Can we trust this verdict? And based on the fact that the state's case was weak, there was this very prejudicial evidence injected into the case. Now, obviously Dr. Marshall's testimony as the state conceded about the bowel surgery would not have been admissible without the aggravated battery charge. I'd also submit that while Ms. Lindler could testify that she was there and she was shot, having her demonstrate the scars on her leg to the jury and those injuries is not relevant to the murder if the aggravated battery had not been in play. And that's highly prejudicial evidence that only inflames the passions of the jury. And when you look at the fact that the state's case was so weak, that's where this evidence becomes more significant and tips the balance in favor of this reasonable probability that undermines the confidence. When you add in the fact that the jury had a question at the end, that they were confused about the interplay of all these charges, I think it becomes clear that we cannot have confidence in the outcome of this trial, that the defendant didn't receive a fair trial, and it's because of counsel's error in allowing all these charges to be included. So for that reason, we believe that this court should vacate the conviction and send us back or remand us back for a new trial that would just be on the murder without the extraneous evidence. Counsel, I do have a question for you. I was reading the briefs and it wasn't even close in terms of the statute of limitations, if I'm not mistaken. That's correct. The offense occurred in 2006 and the charges were filed in 2014. So as I'm reading, I'm thinking, what was defense counsel thinking? What was the trial judge thinking? You know, it's pretty obvious. But if this was a matter of defense strategy, let me just come up with the theory of how this would have benefited the defendant. There are eight charges here and the last count was misdemeanor mob action. If the jury had found him guilty of the mob action, which is the least serious of all the charges, if they had found him guilty of count eight but not guilty on everything else, then double jeopardy as a catch and he can't be tried for murder on remand. Aren't I correct? So couldn't this have been really defense strategy to let it go? I don't. I understand where Your Honor may have that thought or hypothetical, but ultimately the case law firmly weighs in favor, if you look in our brief, that it cannot be a matter of trial strategy to allow a defendant to be prosecuted for charges where the statute of limitations is expired. The only case in which they said it could be strategy is where you're allowing somebody to be prosecuted for just a misdemeanor where the felony is still pending. That's in my brief, but I can't remember the name of the case off the top of my head. The point being that that was not this case. Defense counsel wasn't avoiding a charge for a felony by allowing this misdemeanor. I understand that. Well, all we know is what's in the record. Defense counsel, when he brought the motion, it was a mistake that these had been done before trial. So all we can say is that this was an error on defense counsel's part, taking the record on its face. It seems that he didn't notice until after trial, and that's what was represented. So, I mean, I don't think we can impugn defense counsel with this ulterior motive, especially because it would be unethical for him to allow these. I mean, it's an unethical strategy to allow your client to be in jeopardy of getting additional charges, additional sentences. Well, you know, immediately after a guilty verdict on all counts, I'm assuming that defense counsel would say, you've got to set aside these convictions. They're void. There's a statute of limitations they've run. But let me go back to a point you made in your opening rebuttal argument. You stated that all the state wants to argue is overwhelming evidence, and this theory that I have about how defense counsel could justify this or how a trial court could justify this by staying out of the way of defense counsel, this theory hasn't been argued by the state. So I want to give you a chance to respond in the event that I'm leaning towards that theory. How would you respond to the fact that the state hasn't raised this? Well, I mean, I would say that the state hasn't raised that, so I would say that that argument is waived. But, again, they haven't suggested that. I mean, they've said that the first prong was met, that this was objectively unreasonable. So there's been no argument by the state that counsel's actions were reasonable. And I think that. . . That answers my question. Okay. I appreciate your input. If there's no other questions, thank you very much. Thank you both. We'll put this case under advisement and render a decision in the near future. And now we'll take a recess for panel change. Thank you.